IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

PAUL KAKALETRIS                 *

    Petitioner,                 *

v.                              *  CIVIL ACTION NO.2:05-CV-815-T
                                                                            (WO)

SCOTT MIDDLEBROOKS, WARDEN      *

    Respondent.                 *

### RECOMMENDATION OF THE MAGISTRATE JUDGE

This cause is before the court on a 28 U.S.C. § 2241 petition for habeas corpus relief filed by Paul Kakaletris, a federal inmate. In his petition, Petitioner challenges the Bureau of Prison's ("BOP") calculation of his good conduct time. Specifically, Petitioner asserts that due to the BOP's misinterpretation of the federal good conduct time statute, he is entitled to 54 days of good conduct credit yearly rather than 47 days. Consequently, Petitioner requests that the BOP be directed to re-calculate his federal good conduct time. Petitioner concedes that he has not exhausted available administrative remedies but argues that exhaustion would be futile.

### DISCUSSION

Prisoners seeking habeas relief, including relief pursuant to 28 U.S.C. § 2241, are subject to administrative exhaustion requirements. *Skinner v. Wiley,* 355 F.3d 1293, 1295

(11th Cir.), *cert denied,*541 U.S. 1036 (2004). In the civil context, the alleged inadequacy of an administrative remedy does not preclude the application of a mandatory exhaustion requirement. *See Alexander v. Hawk,* 159 F.3d 1321, 1325-28 (11th Cir.1998).

"The Bureau of Prisons is . . . responsible for computing [petitioner's] sentence and applying appropriate . . . credit. *U.S. v. Martinez*, 837 F.2d 861, 865-66 (9th Cir. 1988). The BOP has established regulations that set forth the procedures that a prisoner must follow before seeking relief from a district court. *U.S. v. Lucas*, 898 F.2d 1554, 1556 (11th Cir. 1990); *Johnson v. United States*, 2005 WL 107929 (E.D. Ky., April 12, 2005). These regulations govern formal review of inmate complaints relating to any aspect of their imprisonment and specify the procedures that inmates must pursue prior to seeking relief in federal court. *See* 28 C.F.R. §§ 543.10-16; *United States v. Herrera*, 931 F.2d 761, 764 (11th Cir.1991). If, and only if, an inmate has pursued his administrative remedy may he seek relief in federal court. *Id.* Further, exhaustion of administrative remedies is jurisdictional and Petitioner's failure to fully pursue available administrative remedies leaves this court without jurisdiction to entertain his application for good-time credit. *Id.*; *see also Gonzalez v. United States,* 959 F.2d 211, 212 (11th Cir. 1992); *Winck v. England*, 327 F.3d 1296, 1300 n.1 (11th Cir.2003).

In light of the foregoing, the court concludes that Petitioner is required to exhaust available administrative procedures established by the Bureau of Prisons prior to seeking relief from this court. His subjective belief that exhausting administrative remedies is a futile effort is insufficient under the circumstances presented here to excuse him from first

seeking the relief he seeks through the appropriate administrative channels.[1]  *See Hessbrook v. Lennon*, 777 F.2d 999, 1003 (5th Cir. 1985).

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice to afford Petitioner an opportunity to exhaust his administrative remedies in accordance with the procedures established by the Bureau of Prisons.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before September 20, 2005. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir.

---

[1] Petitioner's current release date is December 7, 2008.

1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 7th day of September, 2005.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE